UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELVIN GATLIN,

        Plaintiff,

v.                                                       CASE NO.: 8:04-CV-1825-T-MAP

JO ANNE B. BARNHART,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
_____/

**ORDER**

      Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying his claim for period of disability benefits, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). The Plaintiff argues the Administrative Law Judge ("ALJ") erred in failing to consider whether he met the necessary criteria for a step three finding of disability; failed to give sufficient credit to the uncontradicted testimony of an examining medical source in the psychological consult; and failed to fully and adequately weight the substantial evidence. Having carefully reviewed the record, I find remand is necessary for further administrative proceedings consistent with this Order.

      *A. Background*

      The Plaintiff was forty-seven years old at the time of his administrative hearing on November 24, 2003. He has a special education high school diploma and past relevant work experience as a sanitation worker, heavy equipment operator, construction worker, and mail clerk. The Plaintiff claims he became disabled on July 1, 2002, due to mental retardation, depression, and neck and back

injuries. He returned to full-time work in August 2003, however, he claims his impairments have caused him to miss eight to nine work days in the past few months. The ALJ determined Plaintiff's work from July 2002 through July 2003 does not amount to substantial gainful activity, but his full-time work beginning August 2003 amounts to substantial gainful activity. The ALJ further found during the entire period of alleged disability Plaintiff retained the residual functional ability to perform a restricted range of light work and, although he cannot perform his past relevant work, was and is capable of performing a significant number of jobs in the national economy including small product assembler, produce inspector, and merchandise marker.

    *B. Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently

engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

At step three, the Commissioner must determine whether the claimant meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff claims the Commissioner erred at step three by failing to find he met the requirements of Listing 12.05(B) or 12.05(C) for mental retardation. After consideration, I find the ALJ erred in concluding the evidence failed to show an onset before age twenty-two and remand for further administrative proceedings as explained below.

Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22." The Eleventh Circuit holds that when the evidence Plaintiff presents indicates a mental deficit after age twenty-two, the ALJ is to presume mental impairment before age twenty-two. The Commissioner may present evidence of Plaintiff's daily life to rebut the presumption that Plaintiff's mental impairment began prior to age twenty-two, though the presumption of mental impairment before age 22 does not shift the burden of proof from a claimant to prove entitlement to social security benefits. *Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001). Following *Hodges*, the ALJ erred by failing to presume, despite the record evidence that Plaintiff attended special education classes, graduated high school with a special education diploma, and cannot read or write, that his mental retardation did not begin prior to age twenty-two. Accordingly, on remand the ALJ is directed to presume mental impairment prior to age twenty-two, and the Commissioner may be given the opportunity to rebut the presumption.

Aside from failing to presume disability onset before age twenty-two, the ALJ also erred by

failing to properly assess the Plaintiff according to Listing 12.05's requirements. To satisfy the requirements of Listing 12.05, the Plaintiff must satisfy both the "capsule definition" contained in the introduction paragraph of the Listing – "significantly subaverage general intellectual functioning with deficits in adaptive functioning" – and also satisfy the requirements of one of Listing 12.05's lettered subsections (A), (B), (C), or (D).

The Commissioner publicly announced in April 2002 that there are at least four possible definitions of "deficits in adaptive functioning" from four major professional organizations dealing with mental retardation. *See* 67 Fed.Reg. 20,022. The American Psychiatric Association based its definition of mental retardation in the *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) ("DSM-IV") predominantly on (but not identical to) the revised definition promulgated by the American Association on Mental Retardation (AAMR) in 1993. The DSM-IV states: "The essential feature of mental retardation is significantly subaverage general intellectual functioning (further defined as an IQ standard score of approximately 70 or below), that is accompanied by significant limitations in at least two of the following skill areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety. The onset must occur before age 18 years." Following publication of this new definition of mental retardation by the AAMR, the American Psychological Association published its own *Manual of Diagnosis and Professional Practice in Mental Retardation*, 1996. It states: "Mental retardation refers to (a) significant limitations in general intellectual functioning; (b) significant limitations in adaptive functioning, which exist concurrently; and (c) onset of intellectual and adaptive limitations before the age of 22 years." In its definition, (a) is defined as ". . . an IQ or comparable normed score that is two or more standard deviations

below the population mean for the measure;" and for (b), ". . . the criterion of significance is a summary index score that is two or more standard deviations below the mean . . ." The definition of mental retardation used by the Social Security Administration in the listings is not restricted to diagnostic uses alone, nor does it seek to endorse the methodology of one professional organization over another. Instead, the Social Security Administration's definition establishes the necessary elements, while allowing use of any of the measurement methods recognized and endorsed by the professional organizations.

The ALJ in this case failed to discuss Plaintiff's "adaptive functioning;" he stated only that "the claimant has a history of working and functioning at jobs, and that his history of working does not support the claimant's low IQ scores." R. 17. On remand, the ALJ must choose a standard consistent with the Commissioner's directive. The record in this case clearly shows that Plaintiff has limitations in some of the areas the American Psychiatric Association considers relevant, and the ALJ must determine whether the limitations satisfy the listing's criteria. The examining psychologist, Richard Carpenter opined that Plaintiff's social skills were marginally adequate, his speech was marginally clear, his insight and abstract reasoning were poor and that he would not be capable of managing his own funds. Carpenter also noted that his wife and children are responsible for all household chores, cooking and shopping. R. 147-149. Plaintiff testified that his reading and writing skills are limited. *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(on remand the ALJ should determine whether the I.Q. scores are consistent with Plaintiff's medical evidence, daily activities, behavior, work history, and other relevant evidence). *But see Popp v. Heckler*, 779 F.2d 1497, 1499 (11th Cir. 1986) (rejecting claim of Listing 12.05(C) retardation where claimant's I.Q. of 69 was inconsistent with evidence that he had a two-year college associate's degree, was enrolled

in a third year of college as a history major, and had worked in various technical jobs such as an administrative clerk, statistical clerk, and an algebra teacher).

Because the capsule definition applies to both Listing 12.05(B) and (C), the ALJ must necessarily evaluate Plaintiff under both subsections. In this regard, the ALJ is directed to address the remaining criteria for disability under (B) and (C) because his written decision failed to properly evaluate the evidence before concluding Plaintiff failed to meet the Listing. Subsection (C) requires "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairments imposing an additional and significant work-related limitation of function." The Eleventh Circuit has consistently found that a claimant who has a "severe" physical impairment at step two has an impairment imposing an additional and significant work-related limitation of function and satisfies the second half of subsection (C). *Edwards by Edwards v. Heckler*; 755 F.2d 1513, 1517 (11th Cir. 1985); *Edwards v. Heckler*, 736 F.2d 625 (11th Cir. 1984). Here, the ALJ found Plaintiff's failed back syndrome and depression were "severe" impairments. R. 20. Even when the ALJ determines that the claimant's severe impairments do not preclude him from performing light work, the second half of subsection (C) is met. *See Lowery*, 979 F.2d at 836 (finding that plaintiff's I.Q. score of 69 and his "severe" physical impairment that restricted him to light work satisfied Listing 12.05(C)).

Lastly, as to step one of the sequential analysis, on remand the ALJ is directed to re-examine whether the recycling dirt job Plaintiff began in August 2003 amounts to substantial gainful employment and proceed accordingly. *See* 20 C.F.R. §§ 404.1520(a), 404.1571, 404.1572,

416.920, 416.971, 416.972.[1]

In light of my above findings, it is not necessary to address Plaintiff's remaining arguments.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Clerk is DIRECTED to enter judgment in favor of Plaintiff with directions that the matter is to be REMANDED to the Commissioner for further administrative proceedings consistent with this order.

IT IS SO ORDERED at Tampa, Florida on this 18th day of August, 2005.

cc: Counsel of Record

---

[1] Plaintiff correctly noted that his past work does not preclude a finding of disability under Listing 12.05. *Ambers v. Heckler*, 736 F.2d 1467 (11th Cir. 1984) (finding that once plaintiff met disability listing 12.05(B) she was entitled to benefits regardless of fact that she may have been able to hold down gainful employment in past).